IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARVIN ALBERTO VIVAS-MORALES,      )
                                   )
                Plaintiff,         )
                                   )
        v.                         )  Civil Action No. 03-312(Erie)
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                Defendant.         )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

### I.  Introduction

Plaintiff, Marvin Alberto Vivas-Morales, a former federal inmate, initiated the above *pro se* action pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq. on October 1, 2003.  In his Complaint, Plaintiff alleges the he slipped and fell on a slippery floor at FCI McKean as a result of the negligence of prison staff.  The United States filed an answer to the Complaint, and discovery was set to ensue.

Plaintiff, however, refused to participate in the discovery process, despite having been ordered do to so by the Court on two occasions.  Thus, as a result of Plaintiff's failure to prosecute this action, the United States respectfully requests dismissal of this case under Fed. R. Civ. P. 41(b).

### II.  Procedural Background

As indicated, Plaintiff initiated this FTCA action on October 1, 2003.  (Ex. 1, Docket Sheet).  The United States was

then substituted as the proper party defendant, and it filed an answer responding to the allegations contained in the Complaint. (Ex. 1).

Subsequently, the Court issued a case management order setting a discovery schedule. (Ex. 1). In accordance with this schedule, on September 17, 2004, Defendant sent to Plaintiff its first set of written discovery pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. (Ex. 2). Plaintiff, however, failed to respond to said discovery in a timely fashion and as a result, on December 15, 2004, defense counsel wrote to Plaintiff, informing him that his discovery responses were late and explaining that defense counsel would seek intervention from the Court if Plaintiff refused to respond to said discovery requests. (Ex. 3).

In addition, defense counsel noticed Plaintiff's deposition for January 28, 2005. (Ex. 4). Plaintiff, however, failed to appear as scheduled and also failed to contact defense counsel to cancel or postpone the deposition. (Ex. 5).

As a result, defense counsel filed a motion to compel enforcement of the notice of deposition, as well as a motion to compel Plaintiff to respond to the outstanding written discovery requests. (Ex. 1). In particular, Defendant requested that Plaintiff be ordered to respond to the written discovery requests by February 23, 2005, and that Plaintiff appear at his deposition on February 25, 2005. (Ex. 1). Said motion was granted by the

Court on February 23, 2005. (Ex. 1). Plaintiff, however, did not respond to the discovery requests and did not appear at his deposition.

Because the Court's order on the motion to compel was issued close in time to the date that Plaintiff was to respond, Defendant filed an additional motion to compel Plaintiff's participation in the discovery process. (Ex. 1). This motion was also granted by the Court; however, Plaintiff once again failed to respond as ordered by the Court. (Ex. 6).

Subsequently, the Court issued an order setting the deadline for the filing of Plaintiff's pretrial statement for June 15, 2005. (Ex. 1). Plaintiff, however, has failed to file this pretrial statement. (Ex. 1).

### III. <u>Argument</u>

Plaintiff's consistent refusal to attend the scheduled depositions after being ordered to do so by the Court, as well as his failure to file his pretrial statement, without seeking any extension of time or explaining the circumstances for his failures, evince a willful disregard for the Federal Rules of Procedure. This clear indifference towards discovery coupled with Plaintiff's unsubstantiated and meritless claims, warrants dismissal under Fed. R. Civ. P. 41(b).

### A.    Rule 41(b) and Dismissals for Failure to Prosecute: In General

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action with prejudice where the plaintiff has

failed to prosecute a case or otherwise failed to comply with the Federal Rules of Procedure or a court order:

> **Involuntary Dismissal: Effect Thereof**. For failure of the plaintiff to prosecute or to comply with these rules [Federal Rules of Procedure] or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule ... operates as an adjudication upon the merits.

See Fed. R. Civ. P. 41(b).

Although a dismissal under Rule 41(b) is a sanction that should be used with caution, the Supreme Court has noted that such a sanction "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct" in the future. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)(per curiam); see also Wade v. Wooten, 1993 WL 298715, *2 (E.D. Pa. Jul 30, 1993).

The decision whether to dismiss a case pursuant to Rule 41(b) lies within the discretion of the court. Burns v. Glick, 158 F.R.D. 354, 355 (E.D. Pa. 1994); Wade, 1993 WL 298715, *2. When exercising this discretion, though, the Court of Appeals for the Third Circuit has noted that district courts should consider the following six factors: (1) the extent of the plaintiff's personal responsibility for the misconduct; (2) the prejudice to

the defendant; (3) whether there has been a history of
dilatoriness in the case; (4) whether the conduct of the
plaintiff was willful or in bad faith; (5) the effectiveness of
alternative sanctions; and (6) the meritoriousness of the claim
or defense.  See Poulis v. State Farm Fire & Cas. Co., 747 F.2d
863, 867-68 (3d Cir. 1984); Muslim v. Frame, 854 F. Supp. 1215,
1221 (E.D. Pa. 1994).  It is not necessary, however, for each of
these factors to be satisfied in order for a court to justify
dismissal of the case.  Hicks v. Feeney, 850 F.2d 152, 156 (3d
Cir. 1988), cert. denied, 488 U.S. 1005 (1989); Muslim, 854 F.
Supp. at 1221; Capitol Pants Co. v. United States Fidelity &
Guar. Co., No. 95-CV-4415, 1996 WL 50642, at * 2 (E.D. Pa. Feb.
5, 1996).  Moreover, failure to obey rules pertaining to
discovery can warrant dismissal.  Sunday v. United States, 1992
WL 221322 (E.D. Pa., Sep 03, 1992); Thorn v. Harrisburg Trust
Co., 330 F.2d 3 (3rd Cir. 1964), cert. denied, 379 U.S. 646
(1965); Schapiro v. Pennsylvania, 1994 WL 46527 (E.D. Pa.,
Feb 15, 1994); Milligan v. Davidson, 1996 WL 680134 (E.D. Pa.,
Nov 19, 1996); Gray v. South Atlantic Steamship Line, Inc., 21
F.R.D. 578 (D. Del. 1958).

**B.    Applying the Applicable Principles to the Present Case,
        this Court Should Dismiss the Plaintiff's Complaint.**

As previously indicated, Plaintiff has continually failed to
participate in the discovery process and has also failed to seek
any type of relief from the Court or otherwise explain his reason
for doing so.  This disregard for the Rules of Procedure, in

keeping with a consideration of all of the <u>Poulis</u> factors,
warrants a dismissal under Rule 41(b).

### 1. <u>Personal Responsibility</u>

In this case, Plaintiff is proceeding *pro se* and as a
result, he is solely responsible for his failure to attend the
depositions as ordered, and for his failure to respond to written
discovery and also to file his pretrial statement. <u>See</u> <u>Muslim</u>,
854 F. Supp. at 1221. <u>See also</u> <u>Wade</u>, 1993 WL 298715, at *3 (E.D.
Pa. July 30, 1993); <u>Burns</u>, 158 F.R.D. at 356. As aforementioned,
this failure resulted despite specific orders issued by the
Court. Moreover, Plaintiff made no attempt to contact Defendant
or the Court and give a reason for his failure to participate in
discovery or to file a pretrial statement. Accordingly, this
factor weighs in favor of dismissal.

### 2. <u>Prejudice to the Defendant</u>

Plaintiff, by failing to attend his noticed depositions, has
delayed any decision on his meritless claims, preventing prompt
resolution of this case and the administration of justice. <u>See</u>
<u>Muslim</u>, 854 F. Supp. at 1221. Discovery has also closed in this
case, and Defendant has received no response from Plaintiff to
its written discovery. Thus, by delaying and disregarding the
discovery process, the Plaintiff is creating considerable
hardship as well as monetary costs on the Defendant and its
counsel. Defendant in fact has been charged for the time of the
Court Reporter to wait for Plaintiff on two occasions. (Exs. 5 &

6).

### 3. <u>History of Dilatoriness</u>

The Defendant has been forced to expend time and money in
defending this case while Plaintiff has failed to appear for his
deposition on two occasions, despite a court order to do so, and
also failed to respond to written discovery.  Plaintiff has also
failed to file a pretrial statement by June 15, 2005 as ordered
by this Court. (Ex. 1).  Thus, this factor also weighs in favor
of dismissal.

### 4. <u>Willful Conduct or Bad Faith</u>

The Plaintiff's actions were clearly willful and in direct
violation of the Federal Rules of Procedure.  The Plaintiff was
specifically ordered by the Court to attend the foregone
depositions and to respond to the written discovery requests.
The Plaintiff failed to do so and has stated no reason for this
failure, nor has he attempted to contact the Defendant.
Plaintiff also failed to file a pretrial statement as ordered by
the Court.  Therefore, because of his distinct knowledge of his
obligations, as ordered by the Court, it should be inferred by
this Court that Plaintiff's actions were willful and a sheer
disregard for the Federal Rules of Procedure.  To allow such a
continued and willful disregard of Rules of Procedure would
denigrate the civil justice process and the integrity of this
Court.  <u>See</u> <u>Guy v. City of Wilmington</u>, 169 F.R.D. 593 (D. Del.
1996).

## 5.  <u>Alternative Sanctions</u>

Dismissal is the most appropriate sanction in this case. The Plaintiff is proceeding *pro se,* and it is unlikely that he could pay any costs or fees assessed against him. <u>Burns</u>, 158 F.R.D. at 356.  Similarly, the striking of pleadings or staying of further proceedings are equally ineffective and would only exacerbate the delay and hinder further the proceedings. Moreover, there is no indication that an award of fees would cure Plaintiff's lack of diligence in pursuing his claims.  <u>Guy,</u> 169 F.R.D at 597.  Therefore, dismissal of this case is the most appropriate and beneficial sanction available.

## 6.  <u>Meritoriousness of the Claim</u>

In this case, Plaintiff has a claim that he slipped and fell at a federal prison as a result of the negligence of the BOP staff.  However, Defendant proffers that it would produce evidence that warning signs were placed where Plaintiff fell, indicating that the floor was slippery, but Plaintiff choose to ignore these signs and proceeded to walk on the floor.  Thus, his fall was the result of his own negligence, not that of any staff at the BOP.  Accordingly, it is clear that the Plaintiff's claims are wholly without merit.

In short, all of the <u>Poulis</u> factors weigh in favor of a dismissal in this case.

## IV.  <u>Conclusion</u>

For the reasons set forth above, the Defendant requests that this Court dismiss this action for failure to prosecute, with prejudice.

Respectfully submitted,

MARY BETH BUCHANAN
UNITED STATES ATTORNEY

By:  /s/ REBECCA ROSS HAYWOOD
     Assistant U.S. Attorney
     Western District of Pa.
     700 Grant St.
     Suite 400
     Pittsburgh, PA  15219
     (412) 644-3500
     Pa. Bar No. 74579

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within pleading was served by mail upon the following:

Marvin Alberto Vivas-Morales
84818
York County Prison
3400 Concord Rd.
York, PA 17402


/s/ Rebecca Ross Haywood
Assistant U.S. Attorney

Date: July 5, 2005