UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN ALBERTO VIVAS-MORALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-312(Erie) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| BETH FANTASKEY, sued in her | ) | |
| individual and official | ) | |
| capacity, and JOHN J. | ) | |
| LAMANNA, sued in his official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES AND
ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS**

To:  Marvin Alberto Vivas-Morales
     3000 Sidney Street
     Pittsburgh, PA  15203

Defendant, the United States of America, by its undersigned
attorneys, pursuant to Rule 33 of the Federal Rules of Civil
Procedure, requests that plaintiff, Marvin Alberto Vivas-Morales,
answer the following interrogatories under oath within thirty
(30) days after service of the same, and to supplement the
answers so filed in accordance with the provisions of Rule 26(e)
of the Federal Rules of Civil Procedure.

Pursuant to Local Rules of Court, answers to these
interrogatories should be entered in the space provided below the
particular interrogatory.  If the complete answer requires more
space than provided, it is requested that the remainder of the

response be entered on a blank page attached behind the interrogatory in question.

Moreover, pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant also requests that plaintiff produce the herein designated documents for inspection and copying within thirty (30) days after service of these document requests.  Said production shall take place at the office of the **United States Attorney for the Western District of Pennsylvania, c/o Rebecca Haywood, 700 Grant St., Suite 400, Pittsburgh, Pennsylvania 15219.**

For purposes of answering these interrogatories and request for production of documents, the following instructions and definitions are provided:

### INSTRUCTIONS/DEFINITIONS

A.    These interrogatories are directed to plaintiff and the answers thereto are to be completed to the best of plaintiff's knowledge or the knowledge of plaintiff's attorneys, or his investigators, agents, employees or other representatives.

B.    As used throughout these interrogatories, "plaintiff," "you," and "your," includes plaintiff and all representatives, agents, and attorneys of the plaintiff; "document" or "record" refers to any written, printed, typed, computerized, programmed or graphic matter of any kind or nature, however produced, and all mechanical and electrical sound recordings or transcripts

2

thereof, however produced or reproduced, including but not limited to memoranda, reports, envelopes, notes of telephone conversations and conferences, studies, blueprints, analyses, bulletins, instructions, inter-and-intra-office communications, charts, graphs, photographs, and all other forms and means of data compilations and recordings; "each" means each and every; "known to you" and your "knowledge of" refers to all matters known to you or known to those under your control, or to the agents, attorneys or representatives of either; "date" refers to the day, month, and year; to "identify" a document or record means to state and describe in full and complete detail (a) its name, (b) the name and address of its author, (c) the name and address of the addressee, if applicable, (d) the subject of the document, and (e) the name and address of the custodian of the document; to "identify" a person means to state his or her name, address, occupation, job title and telephone number; "health care provider" refers to physicians, nurses, therapists, physician's assistants, chiropractors, and psychologists; "treatment" means the management and care of a patient for the purpose of combating a disease, disorder, or other physical or mental problem; "communication" means any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, note, telegram, advertising or other oral or written exchange; "occurrence" refers to the incident of May

3, 2003, during which plaintiff allegedly slipped and fell at a the Federal Correctional Institution in McKean County, Pennsylvania ("FCI McKean"); and "suit," "lawsuit," and "complaint" refer to Civil Action No. 03-312(Erie) which is currently pending in the Western District of Pennsylvania.  "And" as well as "or" shall be construed conjunctively and disjunctively, as necessary, to bring within their scope any document or information that might otherwise be construed as outside their scope; the singular form of any word shall also be interpreted as plural, and vice-versa; the past tense of any verb shall also be construed as the present and the future tense, as necessary, to bring within the scope of a request any document or information that might otherwise be construed as outside its scope.

    C.  If an individual interrogatory requests an answer that involves more than one part, each part of the answer should be set out clearly so that it is understandable.  If any of the interrogatories, in whole or any portion thereof, cannot be answered at this time, please answer to the extent possible, stating the reasons for your inability to answer fully, and subsequently, and as soon as possible, submit any supplemental information.

    D.  If an individual interrogatory requests an answer which involves a response that includes an answer in more than one

part, according to different dates or time periods, please set out the answer chronologically.

E.    If you lack the information necessary to answer any of the interrogatories, in whole or in part, please describe the specific efforts made by you, or by anyone on your behalf, to ascertain the information and state as definitely as possible when you anticipate obtaining the information to supplement your response.

F.    These interrogatories are intended as continuing interrogatories, requiring you to respond by supplemental answers, setting forth any information within the scope of the interrogatories as may be acquired by you, your attorneys, agents, or representatives, subsequent to your original answers.

G.    If you do not answer pursuant to a claim of privilege, state the basis on which the privilege is claimed.

<u>INTERROGATORY NO. 1</u>

During the past ten (10) years have you ever been a plaintiff in any lawsuit (other than in connection with the present complaint)?  If so, for each such lawsuit, please state the address of the Court and the number of the case.

<u>ANSWER</u>:

INTERROGATORY NO. 2

Please identify the approximate number of times that you had visited the Education Department at FCI McKean prior to your alleged fall on May 3, 2003.

ANSWER:

<u>INTERROGATORY NO. 3</u>

Please state whether during the past ten (10) years you have ever fallen and suffered any injury, <u>other than in connection with the occurrence alleged in the Complaint</u>.

<u>ANSWER:</u>

## INTERROGATORY NO. 4

Please describe in full detail, including the exact time and place, how the alleged occurrence set forth in the Complaint happened, giving all events in detail in the order in which they occurred, before, at the time of, and after the occurrence, which had any bearing on the cause and manner of the happening of the occurrence.

ANSWER:

<u>INTERROGATORY NO. 5</u>

Please state the name of each and every eyewitness to the occurrence alleged in the Complaint.

<u>ANSWER</u>:

10

## INTERROGATORY NO. 6

State the name and address (if known) of any person who has or may have any knowledge or information pertaining to the circumstances surrounding the occurrence alleged in the Complaint.

ANSWER:

<u>INTERROGATORY NO. 7</u>

Please state whether during the ten (10) year period immediately <u>before</u> the occurrence giving rise to this lawsuit you received any medical treatment for any problem or illness, and if so, please state the particular nature of the problem or illness and the date(s) that you received treatment for such problem or illness.

<u>ANSWER</u>:

INTERROGATORY NO. 8

During the ten (10) year period immediately <u>before</u> the date of the occurrence giving rise to this suit, have you been hospitalized?  If so, for each period of hospitalization, please state the name and address of the hospital and the dates of your hospitalization.

ANSWER:

<u>INTERROGATORY NO. 9</u>

During the ten (10) year period immediately <u>before</u> the date of the occurrence giving rise to this suit, did you ever use a cane, crutches, walker, wheelchair or any orthopedic device?

<u>ANSWER</u>:

## INTERROGATORY NO. 10

During the ten (10) year period immediately <u>before</u> the date of the occurrence giving rise to this suit, did you ever wear eyeglasses?  If so, please state the dates during which any eyeglasses were used, and whether you were wearing eyeglasses at the time of the occurrence giving rise to this lawsuit.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 11</u>

Please state each and every injury that you claim you suffered as a result of the occurrence giving rise to this suit and how that injury has affected you.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 12</u>

Please list any treatment or medication that you received as a result of any injuries that you allegedly sustained during your fall on May 3, 2003.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 13</u>

If you are claiming damages for pain and suffering as a result of the injuries alleged in the Complaint, please state the amount that you are claiming for pain and suffering and describe in detail the basis for the computation of your claim.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 14</u>

If you are seeking recover for any other item of damages not mentioned in the previous Interrogatory, please state the amount that you are claiming and describe in detail the basis for your computation of this amount.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 15</u>

List the names and addresses of all witnesses who you think you will call to testify in support of your claims at trial.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 16</u>

Please identify each person you have retained as an expert in connection with this action.

<u>ANSWER</u>:

## INTERROGATORY NO. 17

State the name and address of every person who in any way assisted you in the preparation of your answers to these interrogatories.

ANSWER:

## DOCUMENT REQUESTS

1.   Each document identified when responding to these interrogatories.

2.   Each document relating to plaintiff's allegations in the Complaint.

3.   Each document that plaintiff intends to use as an exhibit at the trial of this matter.

4.   Each document that plaintiff relied on or referred to when drafting the Complaint and/or plaintiff's responses to these interrogatories.

5.   Any and all written statements and affidavits (whether or not signed by the person interviewed) from any persons having knowledge or information pertaining to the occurrence alleged in the Complaint.

6.   Any and all diary entries or other handwritten or personal notes made by plaintiff relating to the occurrence at issue in the Complaint.

7.    Each and every expert report or other documents received by plaintiff from an expert witness and/or consultant.

8.    Each and every document that supports your claim for damages.

9.    Please execute the attached Medical authorization form.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

REBECCA ROSS-HAYWOOD
Assistant U.S. Attorney
Western District of PA
700 Grant St.
Suite 400
Pittsburgh, PA  15219
(412) 644-3500
PA ID # 74579

Counsel for Defendant
United States of America

DATED: September 17, 2004

## CERTIFICATE OF SERVICE

I do hereby certify that the original and two copies of the foregoing *Defendant's First Set of Interrogatories and Accompanying Request for Production of Documents* was served upon the following, this _17th_ day of _September_, 2004, via first class United States mail:

Marvin Alberto Vivas-Morales
3000 Sidney Street
Pittsburgh, PA  15203

REBECCA ROSS HAYWOOD
Assistant U.S. Attorney