IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARVIN ALBERTO VIVAS-MORALES, )
    Plaintiff )
)
v. )  C.A. No. 03-312 Erie
)  District Judge McLaughlin
UNITED STATES OF AMERICA, )  Magistrate Judge Baxter
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I    RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss for failure to prosecute [Document # 24] be granted and the instant civil rights action be dismissed for plaintiff's failure to prosecute.

**II    REPORT**

Plaintiff, formerly an inmate incarcerated at the York County Prison in York, Pennsylvania, filed this action pursuant to the Federal Torts Claim Act, 28 U.S.C. §§ 1346, 2671, et seq., on October 1, 2003. On July 5, 2005, Defendant filed a Notice of Deportation [Document # 27] informing this Court that Plaintiff was deported from the United States on March 19, 2005. Plaintiff has not notified this Court of his whereabouts.

Defendants have also informed this Court that Plaintiff failed to appear for his deposition on multiple occasions, despite two orders of this Court requiring Plaintiff to attend depositions that were scheduled to be held on February 25, 2005, and April 8, 2005. (See Defendant's Brief, Exhibits 5 and 6; Document ## 21 and 22]. Plaintiff has also failed to respond to Defendant's written discovery requests, and has failed to file his Pretrial Statement in compliance with this Court's Case Management Order dated June 2, 2005 [Document # 23].

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis

1

v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter.  Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case.  Further, Plaintiff has ignored orders by this Court.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this stage of the proceedings.

## III     CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss for failure to prosecute [Document # 24] and that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: July 22, 2005

cc: The Honorable Sean J. McLaughlin
United States District Judge

all parties of record (lw)